On Rehearing.
Levy, J.
A further investigation and consideration of the authorities, on the faith of which we rendered our decree dismissing this appeal, and reference to the opinion of tho Court in the case of the succession of Lyons, to which our attention was erroneously directed in tho brief of appellant’s counsel, compelas to change our former decree. We relied upon the decision of the Court found on page 376 of Opinion Book SO, .where the Court, for the same alleged defects in the appeal bond as are urged herein, held the bond as being invalid or insufficient, the name of the surety not being inserted in the body thereof.
Counsel, in his brief on this rehearing, admits their error in this citation, and rely upon the decision subsequently rendered by the *541 Court, with unanimity, on the rehearing which had been granted. This decision is to be found on page 163, Opinion Book 49.
The Court then said: “ Appellee insists that we cannot presume that'John Devonshire’ signed as surety, and in our former decree a majority of the Court so held. A reconsideration leads us to a different conclusion. The bond recites that it is given as an appeal bond, and to secure the prosecutiou of the appeal, etc. It was received and filed by the clerk of the lower court as an appeal bond. The signature of ' Devonshire’ is written immediately under those of the two principals where the surety should sign. An appeal bond pre-supposes and and recites that there is a surety to sign it. We find the name of a person who is not one of the principals, signed to the bond where the surety should sign. He does not profess to sign as a witness. Indeed, does not sign on what may be called the witness side of the document. Appeal bonds are not usually witnessed, and it is not essential that they should be. We think we are bound to presume that 'Devonshire’ signed as surety, and that a contrary conclusion violates all the probabilities of the case.”
The decision just quoted is in consonance with that in 6 An. 74, in which it was substantially held, that where one signs an instrument between other parties, in which it is contemplated surety is to be given, he will be considered as having signed as the contemplated surety,although his name does not appear, or is not mentioned in the body of the instrument.
The other ground upon which the motion is based is, that the bond required and given is not sufficient to authorize the granting of a suspensive appeal.
The only authority which supports appellee’s motion is that of 27 A. 324, Succession of Massieu.
This is opposed by previous and subsequent decisions, and we are not disposed to affirm the views and doctrine therein laid down.
In the case of State ex rel. Gaussen et al. vs Judge of Second District Court, 21 A. 43, the true doctrine is enunciated ; there the Court held : “ A judgment recognizing a claim against a succession has generally no greater force in law than an acknowledgment of the claim by an executor or administrator. In either case the creditor can only obtain the payment of it concurrently with the other creditors.”
" An executor or administrator is an officer of the Court, and any funds or property in his hands, belonging to the estate he administers, are amply secured, as the law does, and the creditor may require bonds to secure them, and to insure the faithful administration, and the creditor incurs no risk by the delay which an appeal, that every executor 'or administrator has the legal right to take, -may occasion.”
*542 And again: “ The doctrine is one sanctioned by reason and common sense, when applied to executors and administrators, otherwise their right to appeal would, in most cases, for any practicable purpose, be wholly nugatory; as it would require them to furnish security for the payment of debt, only recognized judicially for a solitary purpose, and which might turn out eventually to be utterly valueless, by reason of the insolvency of the succession against which they have claims.” 10 A. 345; 20 A. 108; 30 A. 285; 29 A. 327; 7 N. S. 352.
On the strength of these decisions we are constrained to change our former decree.
It is, therefore, ordered, adjudged and decreed, that our previous judgment herein be set aside, and it is further ordered, that the motion to dismiss this appeal be denied.